✎AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of          COLORADO

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | |
| CECILIA VARELA | Case Number:   05-cr-00048-WDM-02 |
| | USM Number:   33227-013 |
| | Edward A. Plus, AFPD |
| | Defendant's Attorney |

## THE DEFENDANT:

☒ pleaded guilty to count(s) ___two of the Indictment_____

☐ pleaded nolo contendere to count(s) _____
  which was accepted by the court.

☐ was found guilty on count(s) _____
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 952(a)(3); 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), 846 | Attempt to Travel in Interstate Commerce with the Intent to Facilitate the Promotion of an Unlawful Activity, to wit: The Business Enterprise of Conspiring to Possess with Intent to Distribute Methamphetamine | 01/12/05 | Two |

    The defendant is sentenced as provided in pages 2 through ____11____ of this judgment and my findings and conclusions, a transcript of which is attached and incorporated by reference.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 16, 2006
Date of Imposition of Judgment

_____
Signature of Judge

Walker D. Miller, U.S. District Judge
Name and Title of Judge

11/30/06
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
           Sheet 2 — Imprisonment

| DEFENDANT: | CECILIA VARELA | Judgment — Page ___2___ of ___11___ |
| --- | --- | --- |
| CASE NUMBER: | 05-cr-00048-WDM-02 | |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:    36 months

[X]    The court makes the following recommendations to the Bureau of Prisons:

The Court recommends the defendant be designated to a facility in Arizona with a Residential Drug Abuse Program (RDAP) for service of sentence.

[X]    The defendant is remanded to the custody of the United States Marshal.

[ ]    The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____ [ ] a.m. [ ] p.m.  on _____.

    as notified by the United States Marshal.

[ ]    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [ ] before 12 p.m. on _____.

    [ ] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

| | Judgment—Page 3 of 11 |
|---|---|

DEFENDANT:          CECILIA VARELA
CASE NUMBER:        05-cr-00048-WDM-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: three (3) years

     The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒    The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒    The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐    The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

     If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

     The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14)   the defendant shall provide access to any requested financial information.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 3C — Supervised Release

Judgment—Page    4    of    11

DEFENDANT:         CECILIA VARELA
CASE NUMBER:       05-cr-00048-WDM-02

## SPECIAL CONDITIONS OF SUPERVISION

1.    The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such
      time as the defendant is released from the program by the probation officer.  The defendant shall abstain from the use of alcohol or
      other intoxicants during the course of treatment and shall pay the cost of treatment as directed by the probation officer.

AO 245B     (Rev. 06/05) Judgment in a Criminal Case
            Sheet 5 — Criminal Monetary Penalties

| | |
|---|---|
| DEFENDANT: CECILIA VARELA | Judgment — Page __5__ of __11__ |
| CASE NUMBER: 05-cr-00048-WDM-02 | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

☐ If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| TOTALS | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

DEFENDANT:        CECILIA VARELA
CASE NUMBER:      05-cr-00048-WDM-02

Judgment — Page   6   of   11

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

   ☐  not later than _____ , or
   ☐  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B  ☒  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
   _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
   term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
   imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B  (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons

| | |
|---|---|
| DEFENDANT:          CECILIA VARELA | Judgment—Page ___7___ of ___11___ |
| CASE NUMBER:     05-cr-00048-WDM-02 | |

# STATEMENT OF REASONS

**I    COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A  [X]    **The court adopts the presentence investigation report without change.**

B  [ ]    **The court adopts the presentence investigation report with the following changes.**

(Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.) (Use page 4 if necessary.)

1  [ ]    **Chapter Two of the U.S.S.G. Manual** determinations by court (including changes to base offense level, or specific offense characteristics):

2  [ ]    **Chapter Three of the U.S.S.G. Manual** determinations by court (including changes to victim-related adjustments,  role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

3  [ ]    **Chapter Four of the U.S.S.G. Manual** determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

4  [ ]    **Additional Comments or Findings** (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C  [ ]    **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

**II    COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A  [X]    No count of conviction carries a mandatory minimum sentence.

B  [ ]    Mandatory minimum sentence imposed.

C  [ ]    One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

[ ] findings of fact in this case

[ ] substantial assistance (18 U.S.C. § 3553(e))

[ ] the statutory safety valve (18 U.S.C. § 3553(f))

**III    COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:     26
Criminal History Category:     1
Imprisonment Range:     ___ to ___60___ months
Supervised Release Range:     ___2___ to ___3___ years
Fine Range: $ ___12,500___ to $ ___125,000___
[X] Fine waived or below the guideline range because of inability to pay.

AO 245B    (Rev. 06/05) Criminal Judgment
           Attachment (Page 2) — Statement of Reasons

| | |
|---|---|
| | Judgment—Page __8__ of __11__ |

DEFENDANT:         CECILIA VARELA
CASE NUMBER:     05-cr-00048-WDM-02

# STATEMENT OF REASONS

**IV    ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☐    The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B  ☐    The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
        (Use page 4 if necessary.)

C  ☒    The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
        (Also complete Section V.)

D  ☒    The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V    DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A    **The sentence imposed departs** (Check only one.):
     ☒  below the advisory guideline range
     ☐  above the advisory guideline range

B    **Departure based on** (Check all that apply.):

     1    **Plea Agreement** (Check all that apply and check reason(s) below.):
          ☒  5K1.1 plea agreement based on the defendant's substantial assistance
          ☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
          ☐  binding plea agreement for departure accepted by the court
          ☐  plea agreement for departure, which the court finds to be reasonable
          ☐  plea agreement that states that the government will not oppose a defense departure motion.

     2    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
          ☐  5K1.1 government motion based on the defendant's substantial assistance
          ☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
          ☐  government motion for departure
          ☐  defense motion for departure to which the government did not object
          ☐  defense motion for departure to which the government objected

     3    **Other**
          Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C    **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ | 5K2.1 | Death | ☐ | 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ | 5K2.2 | Physical Injury | ☐ | 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ | 5K2.3 | Extreme Psychological Injury | ☐ | 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ | 5K2.4 | Abduction or Unlawful Restraint | ☐ | 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ | 5K2.5 | Property Damage or Loss | ☐ | 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ | 5K2.6 | Weapon or Dangerous Weapon | ☐ | 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ | 5K2.7 | Disruption of Government Function | ☐ | 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ | 5K2.8 | Extreme Conduct | ☐ | 5K2.20 | Aberrant Behavior |
| | | | ☐ | 5K2.9 | Criminal Purpose | ☐ | 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ | 5K2.10 | Victim's Conduct | ☐ | 5K2.22 | Age or Health of Sex Offenders |
| | | | | | | ☐ | 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | | ☐ | | Other guideline basis (e.g., 2B1.1 commentary) |

D    **Explain the facts justifying the departure.**  (Use page 4 if necessary.)  See attached transcript of proceedings for any needed explanation

AO 245B   (Rev. 06/05) Criminal Judgment
Attachment (Page 3) — Statement of Reasons

| | Judgment—Page __9__ of __11__ |
|---|---|

DEFENDANT:       CECILIA VARELA
CASE NUMBER:   05-cr-00048-WDM-02

## STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A    **The sentence imposed is** (Check only one.):
☒ below the advisory guideline range

☐ above the advisory guideline range

B    **Sentence imposed pursuant to** (Check all that apply.):

1      **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside system

2      **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3      **Other**
☒ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system

C    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)

☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))

☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))

☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))

☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner
(18 U.S.C. § 3553(a)(2)(D))

☒ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))

☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.**   See attached transcript of proceedings for any needed explanation.

AO 245B    (Rev. 06/05) Criminal Judgment
        Attachment (Page 4) — Statement of Reasons

| | Judgment—Page 11 of 11 |
|---|---|

| DEFENDANT: | CECILIA VARELA |
|---|---|
| CASE NUMBER: | 05-cr-00048-WDM-02 |

# STATEMENT OF REASONS

## VII  COURT DETERMINATIONS OF RESTITUTION

A ☒ Restitution Not Applicable.

B  Total Amount of Restitution: _____

C  Restitution not ordered (Check only one.):

    1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

    2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

    3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

    4  ☐  Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII  ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

1           IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLORADO
2

3    Criminal Action No. 05-CR-00048-WDM

4    UNITED STATES OF AMERICA,

5        Plaintiff,

6    vs.

7    CECILIA VARELA,

8        Defendant.
     _____

9                    REPORTER'S TRANSCRIPT
              Excerpt of Sentencing:   Order
10   _____

11          Proceedings before the HONORABLE WALKER D. MILLER,

12   Judge, United States District Court for the District of

13   Colorado, commencing at 10:02 a.m., on the 16th day of

14   November, 2006, in Courtroom A902, United States Courthouse,

15   Denver, Colorado.

16                        APPEARANCES

17          GREGORY RHODES, Assistant U.S. Attorney,

18   1225 17th Street, Suite 700, Denver, Colorado, 80202, appearing

19   for the plaintiff.

20          EDWARD PLUSS, Assistant Federal Public Defender,

21   633 17th Street, 10th Floor, Denver, Colorado, 80202, appearing

22   for the defendant.

23

24   Proceeding Recorded by Mechanical Stenography, Transcription
     Produced via Computer by Janet M. Coppock, 901 19th Street,
25       Room A257, Denver, Colorado, 80294, (303) 893-2835

PROCEEDINGS

*THE COURT:* All right.  I then incorporate it by reference as part of my findings and conclusions concerning this matter and note that the guideline calculations given the amount of methamphetamine involved result in a base offense level of 31, which is reduced by two because the defendant qualifies under the safety valve and is reduced by another two because of her role, minor role as courier in a criminal conspiracy, but is increased for obstruction of justice because of her flight resulting in an adjusted offense level of 29.

With the Government's motion, which I assume has been made -- has it been made, Mr. Rhodes, to provide her with the additional one-level reduction?

*MR. RHODES:* Your Honor, we did not.  And I -- that's my fault because I can't remember which courts make us do it in writing and which we do them verbally, Your Honor, so I am sorry, I did not, but I will make a verbal request for the one point downward.

*THE COURT:* All right.  And that results in an adjusted offense level of 26.  Defendant has only one criminal history point placing her in Criminal History Category I which results in a range of sentence which is greater than the statutory maximum of 60 months.  Supervised release is three years.  Probation, she is not eligible for it.  The fine range is $12,500 to $125,000, and the special assessment is $100.

1       The Government has filed a motion for downward

2  departure to a sentence of 42 months based upon her substantial

3  assistance pursuant to Section 5K1.1 of the United States

4  Sentencing Guidelines.

5       (Whereupon, a portion of the proceedings was not

6  transcribed.)

7       *THE COURT:*  Okay.  Well, I do accept the defendant's

8  plea, and I would note in considering the -- and I do grant the

9  Government's motion to depart downward to a 42-month sentence

10  so that the guideline conclusions, if you will, would be at a

11  42-month sentence.

12       In looking at all of the factors, which is the

13  presumed reasonable sentence then, I should add, I am not doing

14  this -- reading the transcript is not going to be very easy.

15  Maybe I should start over again and say that considering the

16  guideline factors I have stated what the range is and I grant

17  the Government's motion to depart downward because of her

18  assistance principally at the beginning and therefore conclude

19  that the guideline presumably reasonable sentence is 42 months.

20       Considering all of the other Section 3553(a) factors,

21  the nature and circumstances of the offense and the history and

22  characteristics of the defendant are adequately presented in

23  the Presentence Investigation Report.  A significant amount of

24  drugs was involved and it is a serious offense, and the

25  defendant has indicated and the circumstances would justify

1  this, that she is not likely to reoffend.  And it certainly

2  promotes respect for the law and provides a deterrence to her.

3  There is nothing in particular that is presented for

4  correctional or treatment considerations, but I am troubled

5  with the circumstances of the relationship of the previously

6  sentenced defendant.  Although he may not have been the

7  kingpin, I do consider him to have been more responsible and

8  therefore feel that there would be -- this sentence of 42

9  months would be unduly harsh and create a disparity between

10  herself and her co-defendant and will reduce the sentence

11  further with that consideration to 36 months.  Otherwise, I

12  will accept the recommendation of the probation officer in

13  full.

14  Any question about my ruling?

15  *MR. RHODES:*  None, Your Honor.

16  *MR. PLUSS:*  No, Your Honor.

17  *THE COURT:*  Pursuant to the Sentencing Reform Act, it

18  is my judgment that the defendant be committed to the custody

19  of the Bureau of Prisons for a term of 42 months.  I am not

20  remembering, is there a woman's facility in Arizona?

21  *MR. PLUSS:*  Your Honor, there is, but I think the

22  Court indicated it was going to sentence her to 36 months and

23  pronounced your sentence of 42 months.

24  *THE COURT:*  I was unfortunately reading the script.

25  It should be 36 months.

1     MR. PLUSS:  Yes, Your Honor.  And we would ask the

2 Court to -- there are two facilities that would be appropriate

3 for her in Arizona.  We would ask the Court to recommend she

4 serve her sentence in Arizona.

5     THE COURT:  I will so recommend because of her family

6 connection to Arizona.  Upon release, she is placed on

7 supervised release for a term of three years and shall report

8 to the nearest probation office within 72 hours of release.

9 While on supervised release she shall not commit another

10 federal, state or local crime; shall not possess a firearm; and

11 shall comply with the standard conditions adopted by this

12 Court.

13     Defendant shall not unlawfully possess a controlled

14 substance and shall refrain from any unlawful use thereof and

15 submit to drug tests, one within 15 days of release on

16 supervised release and two periodic tests thereafter.  She

17 shall cooperate in the collection of a DNA sample and

18 participate in a program of testing and treatment for drug

19 abuse as may be directed by the officer until she is released

20 from the program by the officer.

21     During that course of treatment, she shall abstain

22 from the use of alcohol or other intoxicants and may be

23 required to pay the cost of treatment.  I do order that she pay

24 the special assessment of $100 which is due immediately, but

25 otherwise find that she does not have the ability to pay a fine

1  and waive a fine.

2          You should be advised that you can appeal the

3  sentence, not the conviction.  If you wish to appeal the

4  sentence, you must file a notice of appeal within 10 days of

5  entry of judgment.  If you don't, you lose the right to appeal.

6  If you cannot afford an attorney, the Court will appoint one to

7  represent you.  And if you requested, the Clerk of this Court

8  would assist you in preparing and filing a notice of appeal.

9          Is there anything else we need to address?

10         MR. PLUSS:  No, Your Honor, thank you.  Your Honor,

11  what we were discussing is a possible recommendation that the

12  defendant participate in the Residential Drug and Alcohol

13  Program while in the Bureau of Prisons.

14         THE COURT:  Does she wish to participate?

15         THE DEFENDANT:  Yeah.

16         MR. PLUSS:  Yes.

17         THE COURT:  Well, I will so recommend, then, that she

18  participate if it's available in the RDAP program.

19                     **REPORTER'S CERTIFICATE**

20     I certify that the foregoing is a correct transcript from

21  the record of proceedings in the above-entitled matter.  Dated

22  at Denver, Colorado, this 21st day of November, 2006.

23

24                              _____

25                                   Janet M. Coppock